# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Clifton J. Rennie, | Civ. No. 12-cv-1715 (RHK/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Scott Baniecke, Field Office Director, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Petitioner Clifton J. Rennie's Petition for Writ of Habeas Corpus (ECF No. 1). This is Petitioner's second attempt to secure habeas relief. *See Rennie v. Baniecke* (*Rennie I*), Civ. No. 11-2970 (RHK/JJG) (filed Oct. 12, 2011). That petition was denied. *Rennie I*, ECF No. 18 at 5; ECF No. 19 at 1. Because the instant Petition is moot, the Court recommends it be denied, and this action be dismissed.

## I. Background

When Petitioner filed this Petition for habeas relief on July 17, 2012, he was in the custody of Immigrations and Customs Enforcement ("ICE"). The facts recounted in *Rennie I* are largely identical to the circumstances present in the instant lawsuit and the Court incorporates those facts by reference. Petitioner was convicted of an aggravated felony while he was present in the United States pursuant to temporary protected status, which subjected him to mandatory detention. *Rennie I*, ECF No. 18 at 2. Following removal proceedings, including an appeal to the Board of Immigrations Appeals ("BIA"), and a petition to the Eighth Circuit for a stay of removal, Petitioner was ordered removed. Petitioner remained in

ICE custody until August 9, 2012, at which point he was released from detention with conditions of supervision. (*See* Ex. C to Gov't's Resp.)

Upon release from ICE custody, Petitioner was subjected to the following conditions: (1) Petitioner must appear at a to-be-specified time and place for deportation or removal; (2) Petitioner must submit to medical or psychiatric examination at the Government's expense; (3) Petitioner must provide certain personal information and submit to a consular interview, surrender travel documents, and submit any correspondence to any embassy or consulate; (4) Petitioner may not travel outside of Minnesota without prior approval; (5) Petitioner must notify ICE of any change of address; (6) Petitioner must report, in person, the ICE office in Bloomington, Minnesota, on November 1, 2012, and every three months thereafter; (7) Petitioner must assist the Government in obtaining travel documents; and (8) Petitioner must not commit any crimes. (*Id.*)

**II.  Discussion**

Article III of the Constitution grants jurisdiction over cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005). If a subsequent development in a case results in a court's inability to "grant effective relief, the case is considered moot." *Id.* (citation omitted); *see also Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005). Generally, in a habeas case, the petitioner's release from custody does not automatically render the petition moot. *See Estrada-Heredia v. Holder*, Civ. No. 12-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012). Application of the mootness doctrine requires the Court to determine whether any of the four exceptions to the doctrine apply. *See Sayonkon v. Beniecke*, Civ. No. 12-0027 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) (dismissing habeas petition as moot where petitioner was an

alien subject to removal, had been released from ICE custody, and was subject to conditions of release). The Court should not dismiss the Petition as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

The court in *Sayonkon* evaluated the four exceptions and found none present to justify evaluating the petition on its merits. Likewise, none of the exceptions are met in the instant case to justify forgoing the application of the mootness doctrine.

First, there are no collateral consequences that require the Court to continue to the Petition's merits. Collateral consequences exist where there is a continuing injury, "other than the now-ended incarceration or parole." *Id.* (citing *Spencer*, 523 U.S. at 7). The conditions of Petitioner's release are identical to those of the petitioner in *Sayonkon*. As the *Sayonkon* court found, the "conditions of supervised release for a removable alien satisfy due process because they are rationally related to the legitimate government interests of reducing the number of 'absconding aliens' and 'accounting for and being able to produce any alien who becomes removable.'" *Id.* (quoting and collecting cases). Furthermore, courts have found that the conditions of supervision flow, not from the detention, but from the removal order, which is not at issue here.[1] *See id.* (citing *Camara v. Comfort*, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002)). Accordingly, there are no collateral consequences arising from Petitioner's detention.

Second, there is no evidence that Petitioner's detention is capable of repetition yet evading review, which is an "extraordinarily narrow" exception to the mootness doctrine.

---

[1] As the Court stated in *Rennie I*, Petitioner is not challenging his removal order, nor could he. *Rennie I*, ECF No. 18 at 2 n.1 (citing 8 U.S.C. § 1252 (a)(2)(C)-(D); § 1252(b)(2)).

3

*Minn. Human Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). A finding that an issue is capable of repetition yet evading review requires the court to find a "reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citing *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998)). Here, there is no evidence in the record that Petitioner will be detained for a lengthy period of time. On the contrary, according to his conditions of supervision, he is expected to remain at large until he is notified of his removal date, at which point he is ordered to appear for removal of his own volition. Thus, there is no reasonable expectation that this issue shall be repeated.

Third, there is no evidence that Respondent voluntarily ended an allegedly illegal detention solely to deprive the Court of jurisdiction. This exception provides that, "if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction," the issue is moot. *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam). In other words, if Respondent is attempting to end-run the Court's jurisdiction by voluntarily ceasing his allegedly illegal conduct, the Court should review the issue on its merits. There is no evidence that Respondent released Petitioner solely to avoid the Court's consideration of this issue. Accordingly, this exception is inapplicable.

Fourth and finally, this is not a class action, thus the fourth exception is inapplicable.

Because the Court can no longer order the relief Petitioner requests, and because none of the four exceptions to the mootness doctrine are present, no case or controversy exists sufficient to grant this Court jurisdiction under Article III of the Constitution.

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**;

2. This action be **DISMISSED**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**

Dated: March 15, 2013          s/ *Jeanne J. Graham*
                               JEANNE J. GRAHAM
                               United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 4, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.